**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Samantha Sharp, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  15 C 1436 |
| | ) | |
| Williams & Fudge, Inc., a South Carolina corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Samantha Sharp, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant both reside here.

**PARTIES**

3. Plaintiff, Samantha Sharp ("Sharp"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed to Lewis University.

4. Defendant, Williams & Fudge, Inc. ("W&F"), is a South Carolina corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect,

delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Williams was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Sharp.

5. Defendant Williams is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Williams conducts business in Illinois.

6. Moreover, Defendant Williams is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Williams act as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. On December 11, 2014, Defendant Williams sent Ms. Sharp a collection letter demanding payment of a debt she allegedly owed to Lewis University. A copy of this letter is attached as Exhibit C.

8. As is her right under the FDCPA, and because Ms. Sharp did not recognize the debt, Ms. Sharp referred this matter to her attorneys. Accordingly, on December 19, 2014, Ms. Sharp's attorneys sent W&F a letter advising it that Ms. Sharp was represented by counsel, that she disputed the debt, and demanded validation of it. This letter was received by Defendant on December 29, 2014. A copy of this letter and the Certified U.S. Mail Return Receipt are attached as Group Exhibit D.

9. Nonetheless, on January 22, 2015, Defendant W&F wrote directly to Ms. Sharp by sending her a collection letter demanding payment of the Lewis University debt. A copy of this letter is attached as Exhibit E.

10. All of Defendant's collection actions complained of herein occurred within

one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692c(a)(2) Of The FDCPA --
Communicating With A Consumer Represented By Counsel**

12. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

13. Defendant W&F knew that Ms. Sharp was represented by counsel in connection with her debt because her attorneys had informed Defendant, in writing, that Ms. Sharp was represented by counsel, and requested validation of the debt (Group Exhibit D). By directly sending Ms. Sharp a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant W&F violated § 1692c(a)(2) of the FDCPA.

14. Defendant W&F's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Samantha Sharp, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Sharp, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Samantha Sharp, demands trial by jury.

        Samantha Sharp,

        By: /s/ David J. Philipps____
        One of Plaintiff's Attorneys

Dated: February 17, 2015

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com